■ SAVARINO MARINI, Doing Business as MAMA GINA'S PIZZA, Respondent-Appellant, v PYRAMID CENTERS OF EMPIRE STATE COMPANY, Appellant, and KMART CORPORATION, Respondents. [609 NYS2d 722] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In 1989, defendant Pyramid Centers of Empire State Company ("Pyramid") entered into a lease with plaintiff Savarino Marini, doing business as Mama Gina's Pizza ("Marini") whereby Pyramid rented space in the Geneva Pyramid Mall to Marini for the operation of a pizza shop. The lease provided that Pyramid "shall not lease space to any

other tenant in the shopping center whose primary business is the sale of pizza and/or Italian dishes". Pyramid also rented space in the mall to Kmart Corporation ("Kmart"). The lease between Pyramid and Kmart provided that the tenant "may assign this lease or sublet the whole or any part of the deemed premises". The lease between Pyramid and Kmart was in effect prior to the lease between Pyramid and Marini and in September 1991 it was modified to provide for an expansion of the Kmart premises. The modification included the requirement that Kmart submit "detailed working drawings and specifications of the expansion" for the "review and approval" of Pyramid prior to the commencement of construction. The plans submitted to Pyramid by Kmart included plans for an "eatery express" on the premises. There had always been a small restaurant on the premises in the area allocated for the "eatery express" in the expansion plan. Kmart subsequently sublet the area allocated for the "eatery express" to Little Caesars Enterprises ("Little Caesars") and a Little Caesars pizza restaurant was opened on the premises. Plaintiff Marini sued Pyramid, Kmart and Little Caesars alleging damages for breach of covenant in the amount of $500,000. Supreme Court granted summary judgment to Kmart and Little Caesars dismissing the complaint and cross claims against them and denied the summary judgment motion of Pyramid as well as its cross motion for attorney's fees.

The terms of the lease between Pyramid and Kmart provided that Kmart could sublet any portion of the subject premises and use them "for any lawful purpose." We conclude, therefore, that Supreme Court properly granted summary judgment to Kmart and Little Caesars. Additionally, the lease between Pyramid and Marini provided in unambiguous terms that Pyramid was not to lease space to any other tenant whose "primary business is the sale of pizza and/or Italian dishes". The lease between Pyramid and Kmart does not violate that clause because Kmart's primary business is not the sale of pizza and/or Italian dishes. We conclude that Supreme Court erred in denying Pyramid's motion for summary judgment.

Finally, Supreme Court properly denied Pyramid's cross motion for an order requiring Kmart to pay its attorney's fees. That cross motion was based upon a provision in the lease between Kmart and Pyramid providing that, during the lease term, Kmart would indemnify Pyramid "against all penalties,

claims or demands of whatsoever nature arising from Tenant's use of Tenant's buildings". This claim arose out of the lease between Pyramid and Marini and not Kmart's use of its building pursuant to its lease with Pyramid. (Appeals from Order of Supreme Court, Onondaga County, Hayes, J.—Summary Judgment.) Present—Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.